**George Edward TULUS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74948.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Christopher Lee Pickrell, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

George Edward Tulus, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Tulus' contention that the IJ should have allowed him an opportunity to apply for asylum because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We lack jurisdiction to review the agency's discretionary determination that Tulus failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir. 2005).

Tulus' contention that his due process rights were violated when the IJ refused to allow testimony about country conditions in Indonesia is unpersuasive because, as the BIA noted, the record demonstrates Tulus in fact testified about country conditions in Indonesia before testifying about other aspects of his case. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (finding due process violation where proceeding was so fundamentally unfair that the applicant was prevented from reasonably presenting his case).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.